# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FRANKLIN G. ENDICOTT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:15-CV-736-DDN |
| | ) |
| JAMES HURLEY, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on transfer from the United States District Court for the Western District of Missouri of petitioner Franklin G. Endicott's fee-paid petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. #1]. Having reviewed the petition, the Court will order petitioner to show cause why the Court should not dismiss this action as time-barred under 28 U.S.C. § 2244(d)(1).

### The Petition

Petitioner challenges his 1993 conviction and sentence for second degree assault and armed criminal action, which were entered in the Circuit Court of Randolph County, Missouri. Petitioner states that the Missouri Court of Appeals affirmed the conviction on August 23, 1994. Petitioner states his Rule 29.15

post-conviction motion was granted in part and denied in part on December 22, 1993, and that he was resentenced on January 4, 1994. In addition, petitioner states that he filed a motion to recall the mandate on January 5, 2015, which was denied on January 27, 2015. In the instant action, petitioner claims ineffective assistance of appellate counsel.

## Discussion

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for a writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

A review of the instant petition indicates that this action is time-barred under 28 U.S.C. § 2244(d)(1)[1] and is subject to summary dismissal. Petitioner states that his direct appeal and post-conviction relief motion were decided in 1993-94; however, the instant application for federal habeas corpus relief was not signed until April 8, 2015, well after the running of the limitations period.

---

[1] Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitations period to petitions for writs of habeas corpus.

Petitioner asserts that this action is timely, because he was sentenced prior to 1996, and also because he recently filed a motion to recall the mandate in 2015. The Court disagrees. Even affording petitioner the benefit of the one-year grace period under the Antiterrorism and Effective Death Penalty Act, he nevertheless would appear to be time-barred from litigating the instant petition, given that it was submitted to the Court for filing well after April 24, 1997. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (one-year grace period ends April 24, 1997). Moreover, it is axiomatic that equitable tolling of the AEDPA's one-year limitations period for filing a petition for writ of habeas corpus in federal court requires "extraordinary circumstances." *See, e.g.*, *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (equitable tolling proper only when extraordinary circumstances beyond prisoner's control make it impossible to file timely petition). Petitioner's claims relative to the timeliness of the instant action do not establish extraordinary circumstances required for equitable tolling, and the 2015 filing of a motion to recall the mandate cannot resurrect an otherwise procedurally-defaulted claim. *Cf. Anderson v. White*, 32 F.3d 320, 321 n.2 (8th Cir. 1994).

Because petitioner has not advanced an explanation that would warrant tolling of the statute of limitations, the Court will order him to show cause within thirty days of the date of this Order why this action should not be dismissed as

untimely. Petitioner is warned that if he does not respond to this Order by the deadline set forth below, this action will be dismissed without further notice to him.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant petition appears to be time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order why the Court should not dismiss the instant application for a writ of habeas corpus as time-barred. Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action as time-barred.

Dated this 11th day of May, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE